Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000562
13-NOV-2017
10:13 AM

NO. CAAP-16-0000562

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF LLR

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-S NO. 15-1-0109)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth, J.,
and Ginoza, J., concurring and dissenting separately)

Appellant-Guardian Ad Litem Renata Foster-Au appeals from an Order Revoking Jurisdiction and Terminating Foster Custody ("Order"), issued on July 27, 2016, by the Family Court of the Second Circuit ("Family Court").[1]  The Order awarded guardianship of LLR, a minor child, to Interested Party-Appellee RN, Mother's boyfriend.  RN is the natural father of LLR's younger sister, LR, but not of LLR.

Foster-Au argues that the Family Court reversibly erred by terminating the Department of Human Service's ("DHS's") foster custody of LLR and awarding guardianship of LLR to RN[2] where (1)

---

[1]   The Honorable Keith E. Tanaka presided.

[2]   In its December 2, 2016 "Findings of Fact, Conclusions of Law, and Order Revoking Jurisdiction of [LLR] to the Department of Human Services and Terminating Foster Custody," the Family Court granted a motion for reconsideration filed by RN in a guardianship case, FC-G No. 15-1-0061; revoked jurisdiction over the underlying case, FC-S No. 15-1-0109; and terminated foster custody of LLR.  In the July 27, 2016 Order, the court, referring to said motion for reconsideration, appointed RN as guardian of LLR and revoked jurisdiction over the underlying case and terminated foster custody of LLR.

(continued...)

the preponderance of the evidence showed that LLR had been sexually abused by RN, and (2) the court failed to consider evidence of RN's domestic violence in the presence of LLR and LR (collectively, the "Children"); drug use in the home; and possible exposure of the Children to sadomasochism, or bondage, discipline, and sadomasochism ("S&M/BDSM").  Related to these arguments is Foster-Au's contention that the Family Court's Conclusions of Law ("COLs") 1-3 are wrong and Findings of Fact ("FOFs") 6-18 are clearly erroneous.

The Family Court did not err in terminating foster custody to DHS and awarding guardianship of LLR to RN because the challenged FOFs were not clearly erroneous and concerned matters within the province of the Family Court.  Accordingly, COLs 1-3 are not wrong because they are based on FOFs that are supported by substantial evidence in the record.

COL 2[3] is based on FOFs 6-18.  FOFs 8, 9, 10, and 14-17[4] consist of credibility determinations, which we decline to

---

[2] (...continued)
The record of FC-G No. 15-1-0061 is not before this court, and there is no evidence before us that the Family Court consolidated FC-G No. 15-1-0061 with the underlying case, although it appears the court consolidated them for hearing.  Nevertheless, because the court's appointment of RN as guardian of LLR is so intertwined with the revocation of jurisdiction and revocation/termination of foster custody, we address the guardianship appointment to the extent possible based on the record before us.

[3]     COL 2 provides, "Based upon a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court concludes that [RN] poses no sexual risk to [the Children]."

[4]     FOF 8 provides:

> The court has viewed the videos of L.L.R.'s purported disclosures created by [Grandmother] and considered all of L.L.R.'s subsequent disclosures and finds that all of L.L.R.'s disclosures of [RN]'s alleged sexual abuse, which began on or about July 13, 2014, are not reliable.  The manner in which [Grandmother] created these videos and other writings and/or statements of L.L.R.'s purported disclosures is highly problematic and suggests that L.L.R. had been coached by [Grandmother].  Moreover, the unreliability of L.L.R.'s disclosures is corroborated by her recantation to her therapist, Una Starbuck, on October 15, 2014.

FOF 9 and 10 provide, in relevant part:

> 9.  The court has weighed the testimony of [Grandmother], observed her demeanor while testifying,
> (continued...)

review because they consist of credibility-of-the-witness and weight-of-the-evidence determinations, and implicate the Family Court's prerogative to draw reasonable inferences from the evidence presented to it. *See In re Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001); *In re Doe*, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005). Thus, we conclude that FOFs 8, 9, 10, and 14-17 are not clearly erroneous.

Additionally, FOF 9 (in part)[5/] and FOFs 10-13[6/] are not

---

[4/](...continued)

and finds that she is not a credible witness. . . .

10. The court has weighed the testimony of [Dr.] Marvin Acklin, qualified as an expert in the field of clinical and forensic psychology, observed his demeanor while testifying, and finds that he is a credible expert witness. . . .

FOF 14-17 provides:

14. The unreliability of L.L.R.'s purported disclosures of [RN's] alleged sexual abuse has tainted all of the opinions of witnesses [Grandmother]; Earan Larry-Fiakpuyi; Leslie Armstrong; Jocelyn Chang; Santo Triolo, Ph.D.; Virginia Cantorna, Ph.D.; Beverly Lundquist; Robin Winters; Chelsea Hill; [Foster-Au]; Mother; and Det. Anthony Krau. Based upon L.L.R.'s contaminated disclosures that were disseminated to these witnesses, the court finds that the testimony of these witnesses are [sic] similarly unreliable and not credible.

15. The court has weighed the testimony of [RN], observed his demeanor while testifying, and finds that he is a credible witness.

16. The court has weighed the testimony of Mother, observed her demeanor while testifying, and finds that she is not a credible witness.

17. The court has weighed the testimony of Michelle Goldberg, Skip Goldberg, Trisha Bissett and Shawna Collard; observed their demeanor while testifying; and finds that they are credible witnesses.

[5/] The remainder of FOF 9 provides:

The court finds that [Grandmother] has demonstrated a confirmatory bias against [RN]. She had searched for and recorded numerous allegations that [RN] had sexually abused L.L.R. due to her preexisting beliefs, hypotheses or fears. [Grandmother's] confirmatory bias has completely corrupted, contaminated and tainted all of L.L.R.'s purported disclosures, which the court finds cannot be fixed. Moreover, [Grandmother's] confirmatory bias also corrupted, contaminated and tainted all of the witnesses that she had discussed L.L.R.'s purported disclosures with,

(continued...)

clearly erroneous based on the Family Court's finding that Dr. Acklin was credible, and its adoption of his opinions and parts of his Report of Psychosexual Evaluation ("Psychosexual Evaluation"). As stated above, we decline to review the credibility-of-the-witness and weight-of-the-evidence determinations and, therefore, do not disturb the Family Court's characterization of Dr. Acklin's opinions. *See Doe*, 95 Hawai'i at 190, 20 P.3d at 623.

Furthermore, while FOFs 6, 7, and 18[7] are mixed FOFs

---

[5]/(...continued)
which made their testimony unreliable and not credible.

[6]/ FOFs 10-13 provide, in relevant part:

10. . . . . Dr. Acklin reviewed the evidence of L.L.R.'s purported disclosures for forensic reliability and conducted a psychosexual examination of [RN].

11. The court adopts Dr. Acklin's opinion and finds that all of L.L.R.'s purported disclosures that he reviewed appeared to be of "no forensic reliability whatsoever" and the product of a "terribly flawed evidentiary process" that contaminated all of L.L.R.'s subsequent disclosures during the Children's Justice Center's [("CJC")] interviews and to other professionals and/or witnesses.

12. The court adopts Dr. Acklin's opinion and finds that the "CJC interviews are fatally flawed by interviewer incompetence and the presence of fantastical information which appears to be the product of coaching of the child and encouragement to fabricate movie-influenced fantasy fabrication which impugn the reputation and conduct of [RN]."

13. The court adopts Dr. Acklin's opinion and finds that [RN] poses no sexual risk to [the Children].

[7]/ FOF 6 provides:

Based upon a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court finds that [RN] has not harmed L.R.'s and/or L.L.R.'s physical or psychological health or welfare, or subjected them to threatened harm by any acts or omissions.

FOF 7 provides:

Based upon a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court finds that [Grandmother] has harmed L.R.'s and/or L.L.R.'s

(continued...)

4

and COLs, they are not clearly erroneous because they are either supported by substantial evidence in the record, or are based on the Family Court's finding that Dr. Acklin was credible, and the adoption of his opinions and parts of the Psychosexual Evaluation. Accordingly, we conclude that there is substantial evidence to support the Family Court's FOFs. *See In the Interest of LR*, No. CAAP-16-0000512, 2017 WL 2829536 (Haw. Ct. App. June 29, 2017, as amended).

The Family Court did not err in finding that DHS failed to prove that RN harmed LLR or subjected her to a threat of harm, and COL 1[8] is not wrong. See Haw. Rev. Stat. § 587A-5 (Supp. 2013) (requiring that the Family Court base its finding that a child is subject to imminent harm on the facts and circumstances reported to DHS). *See also* Haw. Rev. Stat. § 587A-28(f) (Supp. 2013) (requiring the court to dismiss a petition if it finds a child has not been subjected to threatened harm by the child's family), and Haw. Rev. Stat. §587A-4 (Supp. 2013) (defining "harm"). Furthermore, COL 1 is supported by the Family Court's finding in the June 6, 2016 Order Continuing Foster Custody that "DHS did not show by a preponderance of the evidence that [LLR's] physical or psychological health or welfare was subject to imminent harm by the allegations of alleged sex abuse, alleged domestic violence, and alleged substance abuse by [RN,]" and sufficient evidence supports the finding. Further, sufficient

---

[7] (...continued)
physical or psychological health or welfare, or subjected them to threatened harm, by creating and disseminating 35 different videos and other numerous statements of L.L.R.'s purported disclosures of [RN]'s alleged sexual abuse to others, including potential witnesses.

FOF 18 provides, "Based upon a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court finds that [RN] poses no sexual risk to [the Children]."

[8]     COL 1 provides:

Based upon a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court concludes that DHS has failed to prove, pursuant to Hawaiʻi's Child Protective Act, [HRS] § 587A-5, that [RN] has harmed L.R.'s and/or L.L.R.'s physical or psychological health or welfare, or subjected them to threatened harm by any acts or omissions.

evidence supports the court's finding that DHS failed to prove that RN exposed the Children to S&M/BDSM.

COL 3[2/] is not wrong because it is based on substantial evidence. The Family Court was not wrong to conclude in COL 3 that appointing RN as LLR's guardian was in LLR's best interest. *See* Haw. Rev. Stat. §§ 560:5-204(b) and -206(a) (2006) (the court may appoint a guardian if doing so is in the best interest of the minor) and Haw. Rev. Stat. § 560:5-205(b) (2006) (the court, after a hearing, may appoint a qualified person as guardian if it is in the best interest of the minor). As discussed, there was sufficient evidence to support the court's conclusion that RN did not harm or threaten to harm LLR. Moreover, evidence was adduced that RN, as LLR's de facto parent, had been providing her with a stable home and emotional, educational, and financial support for years.

Therefore, IT IS HEREBY ORDERED that the Order Revoking Jurisdiction and Terminating Foster Custody, issued on July 27, 2016, by the Family Court of the Second Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, November 13, 2017.

On the briefs:

Elizabeth C. Melehan
for Guardian Ad Litem-
Appellant

Nicole Forelli
(Legal Aid Society of Hawaii)
for Mother-Appellee

Erin Lowenthal, Julio Herrera
and Jay Goss,
Deputy Attorneys General,
for DHS-Appellee

Hayden Aluli
for Interested Party-Appellee

Presiding Judge

Associate Judge

---

[2/] COL 3 provides that "[b]ased on a preponderance of the evidence standard, and upon the credible evidence and totality of the circumstances, the court concludes that it is in the best interest of L.L.R. that [RN] be appointed as her guardian."